## Prifer et al. v. Public Service Commission et al.

*Oliver Lentz*, for petitioner.

*John A. Moss, Wm. E. Richardson,* and *Wm. Abbott Witman, Jr.,* contra.

SCHAEFFER, P. J., June 6, 1935.—We have before us the petition of the Reading Home Construction Company to be permitted to intervene in the above case and also said petitioner's petition to set aside the verdict of $4750 taken in this court in the above case.

Celestia M. Prifer was the owner of property No. 328 West Buttonwood Street, Reading, which property was appropriated in January, 1931, by the County of Berks in the erection of the Buttonwood Street bridge over the tracks of the Pennsylvania Railroad and the Schuylkill River. At the time of the appropriation there was upon the property a first mortgage upon which there is now due the sum of $3750, a second mortgage in the sum of $1200, upon which there was due at the time of the hearing before the Public Service Commission on October 11, 1934, the sum of $1443.78, held by the Free Poland Building and Loan Association, and a number of judgments, one of which is that of this petitioner.

After hearing, the Public Service Commission found the fair market value of the property at the time of condemnation to be $4250. An appeal was then taken by the Free Poland Building and Loan Association to this court and upon the case's coming on for trial on May 15, 1935, the several parties asked that a verdict be taken in favor of the plaintiffs for the sum of $4750. To this the petitioner here objected upon the ground that said sum would be insufficient to give petitioner anything upon its judgment and also for the first time presented its petition to intervene. The verdict was, however, taken and entered and petitioner has moved to set it aside.

Section 20 of article VI of the Act of July 26, 1913, P. L. 1374, 66 PS §833, provides: "The court may also, upon application by petition and cause shown, permit any person or corporation to intervene in the said proceeding and be added as a party plaintiff or defendant therein." Petitioner's right to intervene is not absolute. That right must be dependent, at least at this stage of the proceeding, upon showing some reasonable and substantial probability of being able to procure something on account of its judgment without prejudicing the holders of the prior liens in their present prospects of recovering the sums due them. The agreed sum of $4750 is sufficient to pay in full the principal and interest of the first mortgage amounting to about $3750 and to pay to the building and loan association about $1000 upon the $1443.78 with interest due it. There follow one or more judgments upon which it has been stated upon argument that about $250 is due. Then comes petitioner's claim. It would appear then, without counting the interest that will accrue upon these prior liens, that the verdict would have to be increased to at least $5500 before petitioner would receive a cent.

The property in question consisted of a lot 14 feet in width and 90 feet in depth upon which there was a 2-story brick dwelling. Before the commission the witness for the county valued the property at the time of taking at $3750, two witnesses called by the building and loan association placed the value at $5300 and the president of the petitioner here at $5800. But as the commission in its opinion points out, this latter figure was based upon the fact that there had been a sale of the property in 1926 for the sum of $5500 of which only $50 was paid in cash. That sale was too remote to constitute a valid basis for an opinion as to value in 1931. After due consideration the commission found the value to be $4250 and the parties have now agreed to the sum of $4750. We are not satisfied that anything has been shown which would justify a higher valuation than this. Certainly under the

testimony before the commission a valuation in excess of $5300 could not be upheld. And even that valuation would provide no funds for distribution to the petitioner.

The petitioner, however, complains that the commission made no allowance of damages for delay in payment. But upon that point the opinion of the commission correctly states and applies the law. Here the owner refused to come forward and press her claim for damages for more than 3 years and her creditors are in no better position than she. If lienholders could bring the issue to a determination in 1934, they could have done so in 1931. Under these circumstances the rule that the owner who stubbornly refuses to negotiate fairly and reasonably is not entitled to compensation for the delay in payment, applies.

Again before we would be justified in permitting this petitioner to intervene at this late state of the proceedings, the court would, in fairness to the holder of the second mortgage, have to require of the petitioner a bond with sureties conditioned upon the indemnifying of the holder of the second mortgage against all loss by reason of a lesser verdict or by reason of the accumulation of interest upon the first mortgage or other eventuality. We should also have to require some protection to the county against further costs in the event that a larger sum than $4750 were not recovered. The case could not be tried before the fall. In the meanwhile, interest would accrue and the petitioner's chance of recovering anything to that extent still further diminished. After due consideration, we are of the opinion that petitioner's application to intervene should be refused.

And now, to wit, June 6, 1935, the petition to intervene is dismissed and the rule to show cause why the verdict taken on May 15, 1935, should not be set aside and a new trial allowed, is discharged. An exception to this action is hereby allowed.